IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

CASE NO. _____

05-23175

CIV-LENARD

KLEIN

JAMES M. CARR            )
                         )
    Plaintiff,           )
                         )
vs.                      )
                         )
YACHT ELECTRONICS SPECIALIST,  )    **COMPLAINT**
INC., a Florida Corporation d/b/a )
Electronics Unlimited    )
                         )
    Defendant.           )
_____ /

Plaintiff, James M. Carr ("Carr"), by and through his undersigned counsel, sues Defendant Yacht Electronics Specialtist, Inc., d/b/a Electronics Unlimited ("Electronics Unlimited") and alleges:

**PARTIES, JURISDICTION, AND VENUE**

1.   This is an action for declaratory judgment regarding a federal maritime lien, discharge of a federal maritime lien, breach of contract, unjust enrichment, slander of title, and tortious interference with a business relationship.

2.   Defendant Electronics Unlimited is a Florida corporation with its principal place of business in Fort Lauderdale, Florida.

3.   This court has personal jurisdiction pursuant to Fla. Stat. § 48.193 and Fla. Stat. § 48.181.

4.   Venue of this action is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391 and 46 U.S.C. § 31321 et seq. because

(1) the claimant resides in the Southern District of Florida; (2) the defendant resides in the Southern District of Florida; and (3) a substantial part of the acts or omissions giving rise to this claim occurred in the Southern District of Florida, and the property that is the subject of this action is located here.

5.     This Court has jurisdiction over the subject matter of this admiralty and maritime action under 28 U.S.C. § 1333 and the Federal Maritime Lien Act, 46 U.S.C. § 31341, et. seq. The Court has supplemental jurisdiction over Carr's additional pendent claims pursuant to 28 U.S.C. § 1367.

6.     All conditions precedent to Carr's recovery have occurred or have been waived.

7.     Carr has engaged the undersigned law firm to represent him in this action, and has agreed to reimburse its costs and its reasonable fees occurred herein.

## GENERAL ALLEGATIONS

8.     Carr owns a 70-foot 1999 Hatteras boat named *Never Say Never*, bearing USCG official number is 1078576 (the "Vessel").

9.     In or about July, 2002 Carr entered a contract with Electronics Unlimited under which Electronics Unlimited agreed to install a Tracphone F-33 high-speed internet satellite system on the Vessel. In or about July 2002, technicians from Electronics Unlimited attempted to install the satellite system on the Vessel. Electronics Unlimited charged Carr $14,403.62 for the satellite system and for Electronics Unlimited's initial installation services. Carr paid this amount in full.

10.  After Electronics Unlimited completed its installation and Carr had paid for its services, Carr discovered that the satellite system did not function properly. Specifically, the system was unable to connect to the satellite and provide high-speed internet access on the Vessel. In 2003, Electronics Unlimited dispatched its technicians on multiple occasions to attempt to remedy its faulty installation. For these additional unsuccessful repair services, Electronics Unlimited charged Carr an additional $13,467.99, which Carr paid in full.

11.  At no time did Electronics Unlimited successfully complete installation of the satellite system, which has never functioned properly. Moreover, due to Electronics Unlimited's faulty workmanship, and unbeknownst to Carr, the system attempted to dial in to the satellite while the Vessel was out to sea. Because of the faulty workmanship of Electronics Unlimited, the system was unable to connect to the satellite. A few minutes later, and also unbenkownst to Carr, the system would attempt to re-dial the satellite, but was again unable to connect due to Electronic Unlimited's faulty installation. This silent process repeated until Carr accumulated phone bills that exceeded $3,000.00.

12.  Carr protested Electronic Unlimited's failure to remedy its faulty installation the satellite system on the Vessel, as well as the additional charges associated with its unsuccessful repair attempts. Carr subsequently contacted Electronics Unlimited on numerous occasions to request that Electronics Unlimited inspect its work and correct its defective installation. Electronics Unlimited has refused all such requests.

13.  On or about November 8, 2004, Electronics Unlimited caused to be filed with the Department of Transportation, United States Coast Guard, a Notice of Claim of Maritime Lien as to the Vessel, which was assigned document number 2875237 (the "Claim of

Lien"). A true and correct copy of this Notice is attached hereto as **Exhibit A**. The amount of the lien is $7,842.03, which Electronics Unlimited claims represents amounts billed to Carr for the faulty and defective installation services provided by Electronics Unlimited on the Vessel.

14. On or about December 7, 2005, Carr contacted to sell the Vessel to a third party for a purchase price of approximately $1.6 million. Because of the improper and invalid maritime lien that Electronics Unlimited has caused to be recorded, title to the Vessel is clouded and Carr is unable to consummate the transaction.

15. All conditions precedent to Carr's recovery have occurred or have been waived.

## COUNT I
### (Discharge of Maritime Lien)

16. Carr incorporates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. This is a claim for discharge of a federal maritime lien pursuant to 46 CFR § 67.263.

18. In or about July, 2002, Carr contracted with Electronics Unlimited under which Electronics Unlimited agreed to install a Tracphone F-33 high-speed internet satellite system on the Vessel.

19. On or about November 8, 2004, Electronic Unlimited caused to be filed with the Department of Transportation, United States Coast Guard, a "Notice of Claim of Maritime Lien" as to the Vessel. Electronics Unlimited claims that the Claim of Lien represents sums due and owing for its faulty installation services.

20. Electronics Unlimited never installed properly the satellite system on the Vessel.

21. Thus, the lien filed and recorded by Electronics Unlimited is improper, baseless and without foundation.

22. Moreover, Carr has a contract to sell the Vessel.

23. The improper lien is clouding title to the Vessel.

24. The sale of the Vessel has already been delayed, thereby generating additional damages to Carr in the form of additional carrying costs and expenses.

25. Carr will post adequate security for the lien, which will include the full amount of the lien plus 6% interest for two years. This security will be posted in the form of a bond, or a check to the Clerk of the Court for deposit in the Court Registry pending resolution of this lawsuit.

26. Carr will be irreparably damaged and injured if his security is not approved and accepted as a substitute for the lien on the Vessel, and the Notice of Claim of Maritime Lien dissolved, removed from the record, deleted, and declared to be of no effect in accordance with 46 CFR § 67.263.

WHEREFORE, Plaintiff Carr prays that this Court:

(1) Approve the security posted by Carr and substitute it as security for Electronics Unlimited's lien while this lawsuit is pending;

(2) Dissolve the lien against the Vessel filed by Electronics Unlimited upon approval of the security posted herewith;

(3) Upon approval of the security, issue an Order in compliance with 46 CFR § 67.623 declaring the title to the Vessel to be free and clear of the lien filed by Electronics Unlimited;

(4) Upon approval of the security, issue an Order in accordance with 46 CFR § 67.623 declaring the Claim of Maritime Lien filed by Electronics Unlimited against the Vessel to be null and void, and to be of no effect; and

(5) Upon approval of the security, issue an Order in accordance with 46 CFR § 67.623 ordering the Claim of Lien filed by Electronics Unlimited against the Vessel be removed and deleted from the abstract of title to the Vessel.

## COUNT II
### (Declaratory Judgment Regarding Maritime Lien)

27. Carr incorporates and realleges paragraphs 1 through 15 as though fully set forth herein.

28. This is a claim for declaratory judgment regarding a federal maritime lien pursuant to 46 U.S.C. 31343(c), 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

29. In or about July, 2002, Carr contracted with Electronics Unlimited under which Electronics Unlimited agreed to install a Tracphone F-33 high-speed internet satellite system on the Vessel.

30. On or about November 8, 2004, Electronics Unlimited caused to be filed with the Department of Transportation, United States Coast Guard, a "Notice of Claim of

Maritime Lien" as to the Vessel. Electronics Unlimited claims that the Claim of Lien represents sums due and owing for its faulty installation services.

31. Electronics Unlimited never installed properly the satellite system on the Vessel.

32. Thus, the lien filed and recorded by Electronics Unlimited is improper, baseless and without foundation. Moreover, the lien is filed improperly because the high-speed internet satellite system is not a "necessary" within the meaning of the Federal Maritime Act.

WHEREFORE, Plaintiff Carr prays that this Court declare and determine the Claim of Lien to be invalid, in whole or in part, and release the security, or a proportionate share thereof based on the Court's rulings, back to Plaintiff Carr.

## COUNT III
### (Breach of Contract)

33. Carr incorporates and realleges paragraphs 1 through 15 as though fully set forth herein.

34. In or about July, 2002, Carr and Electronics Unlimited entered into an oral contract. Pursuant to the terms of the contract, Electronics Unlimited agreed to install a Tracphone F-33 high-speed internet satellite system on the Vessel. Carr agreed to pay Electronics Unlimited for its services.

35. Carr paid Electronics Unlimited to install the satellite system.

36. Electronics Unlimited attempted to install the satellite system, without success. Electronics Unlimited dispatched its technicians on numerous occasions to attempt to remedy its faulty installation. Despite its numerous attempts, Electronics Unlimited was unable

to complete installation of the satellite system. Carr requested that Electronics Unlimited inspect its work and correct its defective installation, but Electronics Unlimited has refused.

37. Electronics Unlimited breached its contract with Carr by failing to install the satellite system properly, and refusing to return to the Vessel to complete its work, despite being paid for its services.

38. Carr has suffered damages as a result of Electronic Unlimited's breach including, but not limited to, loss of funds paid to Electronic Unlimited for which Carr received little or nothing in return, diminution in value to the Vessel arising from faulty installation of the satellite system, and the costs and expenses for carrying and maintaining the faulty satellite system, including numerous disconnected satellite phone calls.

WHEREFORE, Plaintiff Carr demands judgment against Defendant Electronics Unlimited for compensatory damages in excess of $100,000.00, for an award of pre-judgment interest, taxable costs, attorney's fees, and for any other relief which this Court considers just and equitable.

## COUNT IV
### (Unjust Enrichment)

39. Carr incorporates and realleges paragraphs 1 through 15 as though fully set forth herein.

40. Carr has conferred a direct benefit upon Electronics Unlimited including, but not limited to, monies paid for the installation of the Tracphone F-33 high-speed internet satellite system that Electronics Unlimited never installed properly on the Vessel.

41. Electronics Unlimited has knowledge of the benefits conferred upon it by Carr.

42. Electronics Unlimited has voluntarily accepted and retained the benefits conferred by Carr.

43. Circumstances are such that it would be inequitable for Electronics Unlimited to retain the benefits without repaying the value thereof to Carr

WHEREFORE, Plaintiff Carr demands judgment against Defendant Electronics Unlimited for compensatory damages in excess of $20,000.00, for an award of pre-judgment interest, taxable costs, attorney's fees, and for any other relief which this Court considers just and equitable.

### COUNT V
### (Slander of Title)

44. Carr incorporates and realleges paragraphs 1 through 15 as though fully set forth herein.

45. In or about July, 2002 Carr entered a contract with Electronics Unlimited under which Electronics Unlimited agreed to install a Tracphone F-33 high-speed internet satellite system on the Vessel.

46. The satellite system never worked properly, despite Electronics Unlimited's repeated attempts to install the system on the Vessel.

47. Despite being unable to remedy its faulty installation of the satellite system on the Vessel, on or about November 8, 2004, Electronics Unlimited caused to be filed with the Department of Transportation, United States Coast Guard, a "Notice of Claim of Maritime Lien" as to the Vessel. The amount of the lien is $7,842.03, which Electronics Unlimited claims represents the final invoice billed to Carr for the faulty and defective installation services provided by Electronics Unlimited on the Vessel.

48. On or about December 7, 2005, Carr contacted to sell the Vessel to a third party for a purchase price of approximately $1.6 million. Because of the improper and invalid maritime lien that Electronics Unlimited has caused to be recorded, title to the Vessel is clouded and Carr is unable to consummate the transaction.

49. By causing the Claim of Lien to be filed improperly, Electronics Unlimited communicated to a third party statements disparaging Carr's title to the Vessel. These statements are not true in fact because Electronics Unlimited had no right to file the Claim of Lien.

50. Carr has suffered actual damages as a result of Electronics Unlimited filing of the Claim of Lien including, without limitation, his inability to sell the Vessel and the carrying costs and expenses associated with maintaining the Vessel while the Claim of Lien is pending. These damages were foreseeable to Electronics Unlimited at the time it filed its Claim of Lien and are the natural consequences of such filing, which is a substantial factor in bringing about Carr's damages.

WHEREFORE, Plaintiff Carr demands judgment against Defendant Electronics Unlimited for compensatory damages exceeding $100,000.00, for an award of pre-judgment interest, taxable costs, attorney's fees, and for any other relief which this Court considers just and equitable.

## COUNT VI
**(Tortious Interference With Business Relationship)**

51. Carr incorporates and realleges paragraphs 1 through 15 as though fully set forth herein.

52. In or about July, 2002, Carr entered a contract with Electronics Unlimited under which Electronics Unlimited agreed to install a Tracphone F-33 high-speed internet satellite system on the Vessel.

53. The satellite system never worked properly, despite Electronics Unlimited's repeated attempts to install the system.

54. Despite being unable to remedy its faulty installation the satellite system on the Vessel, on or about November 8, 2004, Electronics Unlimited caused to be filed with the Department of Transportation, United States Coast Guard, a "Notice of Claim of Maritime Lien" as to the Vessel. The amount of the lien is $7,842.03, which Electronics Unlimited claims represents the final invoice billed to Carr for the faulty and defective installation services provided by Electronics Unlimited on the Vessel.

55. On or about December 7, 2005, Carr contacted to sell the Vessel to a third party for a purchase price of approximately $1.6 million. Because of the improper and invalid maritime lien that Electronics Unlimited has caused to be recorded, title to the Vessel is clouded and Carr is unable to consummate the transaction.

56. There existed a business relationship between Carr and a third party purchaser for the sale of the Vessel.

57. Electronics Unlimited had knowledge of the business relationship that existed between Carr and prospective purchasers regarding the Vessel, including a third party purchaser who has now contracted to purchase the Vessel.

58. By causing the Claim of Lien to be filed, Electronics Unlimited knowingly and intentionally interfered with the relationship between Carr and the third party purchaser. Electronics Unlimited interference acted without justification or privilege.

59. Carr has been damaged by Electronics Unlimited relationship because he has been unable to consummate the sale of the Vessel as a result of Electronics Unlimited interference.

WHEREFORE, Plaintiff Carr demands judgment against Defendant Electronics Unlimited for compensatory damages exceeding $100,000.00, for an award of pre-judgment interest, taxable costs, attorney's fees, and for any other relief which this Court considers just and equitable.

## JURY DEMAND

60. Carr demands trial by jury of all issues so triable.

Dated: December 9, 2005

Respectfully submitted,

WHITE & CASE LLP
Attorneys for Plaintiff
200 South Biscayne Boulevard
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

By: _____
Rudolph F. Aragon
Florida Bar No. 129593

James N. Robinson
Florida Bar No. 0608858

Document Type: UNCAT
Batch Number: 307282
Document ID: 2872538
User ID: SCANNER5
Filed Date/Time: 08-NOV-2004 08:25 AM



**MARINE ELECTRONICS SALES • INSTALLATION • SERVICE • ENGINEERING**
3229 South Andrews Avenue, Fort Lauderdale, FL 33316 • Phone: (954) 467-2695 • Fax: (954) 467-7360
www.elec-unlimited.com • Email: eu@elec-unlimited.com
*Serving South Florida Since 1975*

## Declaration

*Vessel Name*: **Never Say Never**          *Official Number*: **1078576**

A copy of the notice has been sent to the owner of the vessel via certified mail to the following address:

**James M. Carr
81 Palm Island
Miami, FL 33134**

The information in the notice is true and correct to the best of my knowledge, information and belief.

Date Nov. 2, 2004   Signature _Darrell Hawkins_ Pres.
                      Darrell Hawkins Pres.

SWORN AND SUBCRIBED before me this 2nd day of November, 2004
By Darrell Hawkins, who is personally known to me.

Veronica L. Buckingham

Notary Public Buckingham
COMMISSION # DD 9414
EXPIRES MAR 14 2005
BONDED THROUGH
ADVANTAGE NOTARY

**EXHIBIT A**



**MARINE ELECTRONICS SALES • INSTALLATION • SERVICE • ENGINEERING**
3229 South Andrews Avenue, Fort Lauderdale, FL 33316 • Phone: (954) 467-2695 • Fax: (954) 467-7360
www.elec-unlimited.com • Email: eu@elec-unlimited.com
*Serving South Florida Since 1975*

## NOTICE OF CLAIM OF MARITIME LIEN

*Vessel Name*: **Never Say Never**            *Official Number*: **1078576**

*Nature of Lien*: **Equipment/labor/misc provided to vessel to repair and install electronics**

*Date of Lien*: **June 16, 2004**

*Amount of Lien*: **$7842.03**
(Interest on any unpaid balance shall accrue at the rate of 1.5% per month until paid in full)

*Name and Address of Claimant*:
**Electronics Unlimited
3229 South Andrews Ave.
Ft. Lauderdale, FL 33316**

Date: **Nov. 2, 2004**    Signature: _Darrell Hawkins_ Pres.
                              Darrell Hawkins Pres.

SWORN AND SUBSCRIBED before me this 2nd day of November, 2004
By Darrell Hawkins, who is personally known to me.

_Veronica L. Buckingham_

VERONICA L. BUCKINGHAM
Notary Public
COMMISSION # DD 041A
EXPIRES MAR 14 2006
BONDED THROUGH
ADVANTAGE NOTARY

| DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD CG - 1332 | **GENERAL INDEX OR ABSTRACT OF TITLE** <br> **Continuation Sheet No. 2** | Official No. <br> 1078576 |
|---|---|---|

| NOTICE OF CLAIM OF LIEN ||||| 
|---|---|---|---|---|
| % CONVEYED <br> 100 | DATE <br> November 02, 2004 | AMOUNT <br> $7,842.03 | BATCH <br> 307282 | DOC ID <br> 2872537 |
| DATE FILED <br> November 08, 2004 | TIME FILED <br> 08:25 AM || STATUS <br> RECORDED ||
| CLAIMANT: <br> ELECTRONICS UNLIMITED 3229 SOUTH ANDREWS AVE FT LAUDERDALE FL 33316 |||||

| ISSUED AS AN ABSTRACT OF TITLE AS OF <br><br> DATE: December 05, 2005    TIME: 08:29 AM | KELLY FONVILLE <br> NATIONAL VESSEL DOCUMENTATION CENTER |
|---|---|

# CIVIL COVER SHEET

05-23175

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-LENARD**

| I (a) PLAINTIFF | DEFENDANT |
|---|---|
| JAMES M. CARR, | YACHT ELECTRONICS SPECIALIST, INC., a Florida Corporation d/b/a Electronics Unlimited |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Miami-Dade (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) James N. Robinson, Esq. White & Case LLP, 200 South Biscayne Boulevard, Suite 4900, Miami, FL 33131-2352: Telephone: (305) 371-2700 | ATTORNEYS (IF KNOWN) Dade/05-23175-CV Lenard/Klein |

FILED by _____ D.C.
2005 DEC -9 PM 1:14
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIA

(d) CIRCLE COUNTY WHERE ACTION AROSE: **DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 2 | ☐ 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 46 U.S.C. §31341; 28 U.S.C. §2201

Action to clear title to vessel and action for damages.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☒ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury- Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patents | ☐ 470 Racketeer Influence and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / B ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | B ☐ 720 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** / **B PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | B ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 28 U.S.C. 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions *A or B |
| ☐ 290 All Other Real Property | ☐ 550 Civil Rights *A or B |  |  |  |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
**DEMAND** >$75,000
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VII. RELATED CASE(S) IF ANY (See instructions)

DATE: 12-9-05
SIGNATURE OF ATTORNEY OF RECORD: James N. Robinson

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 6/90

FOR OFFICE USE ONLY: Receipt No. 931720
Date Paid: 12/09/05
Amount: 250
M/ifp: